** CIVIL RIGHTS LIABILITY — GOVERNMENTAL TORT CLAIMS — 51 O.S. 151
** PART II **
A. REGARDING THE DEPARTMENT. FIRST WE CONSIDER WHETHER OR NOT THE DEPARTMENT OF CORRECTIONS — AN ITSELF BE SUED IN A CIVIL RIGHTS SUIT PURSUANT TO 42 U.S.C.A. 1983
IT IS NOW WELL ESTABLISHED THAT UNLESS A STATE HAS WAIVED ITS ELEVENTH AMENDMENT IMMUNITY OR CONGRESS HAS OVERRIDDEN IT, A STATE CANNOT BE SUED DIRECTLY IN ITS OWN NAME REGARDLESS OF THE RELIEF SOUGHT. KENTUCKY V. GRAHAM,473 U.S. 159, 167, 105 S.CT. 3099, 3106, 87 L.ED.2D 114, 122 N.14 (1985). THE ELEVENTH AMENDMENT BARS SUIT WHETHER THE RELIEF SOUGHT IS LEGAL OR EQUITABLE. PAPASAN V. ALLAIN,478 U.S. 265, 276, 106 S.CT. 2932, 92 L.ED.2D 209, 225-26 (1986). ALTHOUGH THE EXPRESS LANGUAGE OF THE AMENDMENT ENCOMPASSES ONLY SUITS BROUGHT AGAINST A STATE BY CITIZENS OF ANOTHER STATE, IT HAS LONG BEEN SETTLED THAT THE AMENDMENT ALSO BARS SUIT AGAINST A STATE BY ITS OWN CITIZENS. MEADE V. GRUBBS, 841 F.2D 1512, 1525 (10TH CIR. 1988). THE ELEVENTH AMENDMENT ALSO BARS DAMAGE ACTIONS AGAINST STATE OFFICERS IN THEIR "OFFICIAL CAPACITIES". ID. OFFICIAL CAPACITY SUITS GENERALLY REPRESENT ONLY ANOTHER WAY OF PLEADING AN ACTION AGAINST AN ENTITY OF WHICH AN OFFICER IS AN AGENT. KENTUCKY V. GRAHAM, 473 U.S. AT 165, 87 L.ED.2D AT 121. (AMEND 11)
IN DETERMINING WHETHER AN AGENCY IS PROTECTED BY THEELEVENTH AMENDMENT, THE CRITICAL INQUIRY IS WHETHER THE ENTITY IS TO BE TREATED AS AN ARM OF THE STATE PARTAKING OF THE STATE'S ELEVENTH AMENDMENT IMMUNITY BY EXAMINING THE POWERS, NATURE AND CHARACTERISTICS OF THE AGENCY UNDER STATE LAW. ID. THE DEPARTMENT OF CORRECTIONS IS AN ARM OF THE STATE ENGAGED IN THE VITALLY IMPORTANT FUNCTION OF PUNISHING THOSE CONVICTED BY THE POLICE POWER OF THE STATE, AND PROTECTING THE CITIZENS FROM THOSE SO CONVICTED. THE DEPARTMENT THEN NECESSARILY ENJOYS THE STATE'SELEVENTH AMENDMENT IMMUNITY.
WHILE THE STATE OF OKLAHOMA HAS, BY STATUTE, WAIVED ITS SOVEREIGN IMMUNITY AND CONSENTED TO BE SUED IN ITS OWN COURTS UNDER CERTAIN CIRCUMSTANCES, THE STATE HAS NOT WAIVED ANY RIGHTS UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION. 51 O.S. 152.1(B) (1984). THE TENTH CIRCUIT COURT OF APPEALS HAS CORRECTLY HELD THAT WAIVER OF SOVEREIGN IMMUNITY IN STATE COURTS DOES NOT CONSTITUTE A WAIVER OFELEVENTH AMENDMENT IMMUNITY IN FEDERAL COURT. GRIESS V. STATE OF COLORADO, 841 F.2D 1042, 1045 (10TH CIR. 1988). THEREFORE, THE CONSTITUTIONAL PROTECTION OF THEELEVENTH AMENDMENT REMAINS INTACT. FURTHER, AS A MATTER OF STATUTORY LAW NEITHER A STATE NOR ITS OFFICIALS ACTING IN THEIR OFFICIAL CAPACITIES ARE "PERSONS" WHO MAY BE HELD LIABLE UNDER 1983. WILL V. MICHIGAN DEPARTMENT OF STATE POLICE, 491 U.S., 109 S.CT., 105 L.ED.2D 45, 58 (1989). THUS, THE DEPARTMENT OR THE STATE OF OKLAHOMA ARE NOT PROPER PARTIES DEFENDANT IN A SUIT PURSUANT TO 42 U.S.C.A. 1983 IN EITHER STATE OR FEDERAL COURT.
B. REGARDING THE DEPARTMENT'S EMPLOYEES.
WHILE THE ELEVENTH AMENDMENT PROTECTS THE DEPARTMENT ITSELF FROM SUIT, ITS PROTECTION DOES NOT EXTEND TO SUITS AGAINST THE DEPARTMENT'S EMPLOYEES IN THEIR INDIVIDUAL CAPACITIES. MEADE V. GRUBBS, 841 F.2D AT 1526, N. 16., CITING KENTUCKY V. GRAHAM, 473 U.S. 159, 167-68, 105 S.CT. 3099, 3106, 87 L.ED.2D 114 (1985). THEREFORE WE TURN TO THE CIRCUMSTANCES UNDER WHICH THE DEPARTMENT'S EMPLOYEES MIGHT BE LIABLE IN A CIVIL RIGHTS SUIT FOR ALLEGED INJURIES TO INMATES INCARCERATED IN A PRIVATE PRISON BY VIRTUE OF A CONTRACT WITH THE DEPARTMENT. UNDER THE WORKING ASSUMPTION UNDERLYING YOUR QUESTION, NEITHER THE DEPARTMENT NOR ITS EMPLOYEES DIRECTLY MANAGE THE PRIVATE PRISON HOUSING THE ALLEGEDLY INJURED INMATE. INSTEAD, SOME PRIVATE ENTITY, NOT THE DEPARTMENT OF CORRECTIONS, OWNS AND OPERATES A PRIVATE PRISON AND THE DEPARTMENT MERELY CONTRACTS WITH THAT ENTITY TO HOUSE OKLAHOMA PRISONERS. THUS, THE DIRECT AND IMMEDIATE CAUSE OF AN ALLEGED CONSTITUTIONAL DEPRIVATION WOULD NECESSARILY BE AN ACT OR OMISSION BY THE INDEPENDENT CONTRACTOR, OR ONE OR MORE OF ITS EMPLOYEES. IF INVOLVED AT ALL, AN EMPLOYEE OF THE DEPARTMENT WOULD ONLY BE THE INDIRECT CAUSE OF THE ALLEGED CONSTITUTIONAL INJURY.
THE POTENTIAL LIABILITY OF A DEPARTMENT EMPLOYEE TURNS ON THE EXTENT TO WHICH THE DEPARTMENT EMPLOYEE "CAUSED" THE CONSTITUTIONAL DEPRIVATION ACTUALLY INFLICTED BY THE INDEPENDENT CONTRACTOR OR ITS EMPLOYEES. THE CIVIL RIGHTS STATUTE 42 U.S.C.A. 1983 PROVIDES, IN PERTINENT PART:
 "EVERY PERSON WHO, UNDER COLOR OF ANY STATUTE, ORDINANCE, REGULATION, CUSTOM, OR USAGE, OF ANY STATE . . . SUBJECTS OR CAUSES TO BE SUBJECTED, ANY CITIZEN OF THE UNITED STATES . . . TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES, OR IMMUNITIES SECURED BY THE CONSTITUTION AND LAWS, SHALL BE LIABLE TO THE PARTY INJURED IN AN ACTION AT LAW, SUIT IN EQUITY, OR OTHER PROPER PROCEEDING FOR REDRESS. (EMPHASIS ADDED)"
THUS, THE LIABILITY OF A DEPARTMENT EMPLOYEE TURNS ON THE ELEMENT OF CAUSATION LINKING THE EMPLOYEE'S ACT OR OMISSION TO THE CONSTITUTIONAL INJURY CLAIMED AT THE HANDS OF THE INDEPENDENT CONTRACTOR OR ITS EMPLOYEES.
THE BODY OF LAW GOVERNING THE LIABILITY OF SUPERVISORS AND MUNICIPALITIES OFFERS THE STANDARD FOR LIABILITY FOR THOSE NOT DIRECTLY PARTICIPATING IN THE ACTUAL CONSTITUTIONAL DEPRIVATION. THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT HAS SUMMARIZED THE CIRCUMSTANCES UNDER WHICH SUPERVISORS MAY BE LIABLE IN A 1983 CASE AS FOLLOWS:
 "A SUPERVISOR IS NOT LIABLE UNDER SECTION 1983 UNLESS AN "AFFIRMATIVE LINK" EXISTS BETWEEN THE (CONSTITUTIONAL) DEPRIVATION AND EITHER THE SUPERVISOR'S "PERSONAL PARTICIPATION, HIS EXERCISE OF CONTROL OR DIRECTION OR HIS FAILURE TO SUPERVISE." SPECHT V. JENSEN, 832 F.2D 1516, 1624 (11TH CIR. 1987) (RE EN BANC GRANTED ON OTHER GROUNDS, AND JUDGMENT, BUT NOT OPINION, VACATED FEBRUARY 4, 1988, 837 F.2D 940), QUOTING MCKAY V. HAMMOCK, 730 F.2D 1367, 1374 (10TH CIR. 1984). SEE ALSO, RIZZO V. GOODE, 423 U.S. 362, 371, 96 S.CT. 598, 604, 46 L.ED.2D 561 (1976); MCCLELLAND V. FACTEAU, 610 F.2D 693, 695 (10TH CIR. 1979). TO BE LIABLE, A SUPERIOR MUST HAVE PARTICIPATED OR ACQUIESCED IN THE CONSTITUTIONAL DEPRIVATIONS OF WHICH COMPLAINT IS MADE. KITE V. KELLEY, 546 F.2D 334, 337 (10TH CIR. 1976). A SUPERVISOR OR MUNICIPALITY MAY BE HELD LIABLE WHERE THERE IS ESSENTIALLY A COMPLETE FAILURE TO TRAIN, OR TRAINING THAT IS SO RECKLESS OR GROSSLY NEGLIGENT THAT FUTURE MISCONDUCT IS ALMOST INEVITABLE. HAYS V. JEFFERSON_COUNTY, 668 F.2D 869, 873-74 (6TH CIR.), CERT. DENIED, 459 U.S. 833, 103 S.CT. 75, 74 L.ED.2D 73 (1982). SEE CITY OF SPRINGFIELD V. KIBBE, U.S., -, 107 S.CT. 1114, 1121, 94 L.ED.2D 293 (1987)(O'CONNOR, J., DISSENTING) (ARGUING THAT INADEQUATE POLICE TRAINING IS ACTIONABLE UNDER SECTION 1983 ONLY IF IT AMOUNTS TO RECKLESS DISREGARD FOR OR DELIBERATE INDIFFERENCE TO THE RIGHTS OF PERSONS WITHIN THE CITY'S DOMAIN). UNLESS A SUPERVISOR HAS ESTABLISHED OR UTILIZED AN UNCONSTITUTIONAL POLICY OR CUSTOM, A PLAINTIFF MUST SHOW THAT THE SUPERVISORY DEFENDANT BREACHED A DUTY IMPOSED BY STATE OR LOCAL LAW WHICH CAUSED THE CONSTITUTIONAL VIOLATION. ZATLER V. WAINWRIGHT, 802 F.2D 397, 401 (11TH CIR. 1986) (PER CURIAM) (QUOTING SIMS V. ADAMS, 537 F.2D 829, 831 (5TH CIR. 19/6)). MEADE V. GRUBBS, 841 F.2D AT 1527-28.
MORE RECENTLY, IN THE RELATED CONTEXT OF LIABILITY FOR MUNICIPALITIES WHO FAIL TO ADEQUATELY TRAIN THEIR EMPLOYEES, THE SUPREME COURT HAS HELD THAT SUCH MUNICIPALITIES MAY ONLY BE HELD LIABLE FOR A CONSTITUTIONAL DEPRIVATION WHERE THE CITY'S FAILURE TO TRAIN REFLECTS DELIBERATE INDIFFERENCE TO THE CONSTITUTIONAL RIGHTS OF ITS INHABITANTS. CITY OF CANTON V. HARRIS, 489 U.S., , 109 S.CT. _, 103 L.ED.2D 412, 426 (1989). IN ADDITION, SUCH "DELIBERATE INDIFFERENCE" MUST BE SO CLOSELY RELATED TO THE ULTIMATE INJURY AS ACTUALLY CAUSE IT. ID., 103 L.ED.2D AT 428. IT IS ARGUABLE THAT THIS "DELIBERATE INDIFFERENCE STANDARD WILL BE ADOPTED FOR LIABILITY OF FLESH AND BLOOD SUPERVISORS AS WELL AS MUNICIPALITIES, BUT THE COURTS HAVE NOT RESOLVED THIS ISSUE TO DATE.
THEREFORE, AN EMPLOYEE OF THE DEPARTMENT MAY BE FOUND LIABLE IF, ACTING FOR THE DEPARTMENT, THE EMPLOYEE ENTERS INTO A CONTRACT FOR HOUSING OKLAHOMA INMATES IN A PRIVATE PRISON AND THE PROVISIONS OF THE CONTRACT WOULD THEMSELVES IMPOSE UNCONSTITUTIONAL CONDITIONS ON INMATES, OR IF THE TERMS OF THE CONTRACT ITSELF ARE DRAFTED WITH DELIBERATE INDIFFERENCE TO THE CONSTITUTIONAL RIGHTS OF INMATES AND THAT INDIFFERENCE CAUSES THE UNCONSTITUTIONAL ACTIVITIES OF THE INDEPENDENT CONTRACTOR. ARGUABLY, RECKLESSNESS OR GROSS NEGLIGENCE, RATHER THAN DELIBERATE INDIFFERENCE TO THE RIGHTS OF INMATES, WOULD IMPOSE LIABILITY ON A DEPARTMENT EMPLOYEE DRAFTING OR SIGNING THE CONTRACT.
FURTHER, EVEN IF THE CONTRACT ITSELF ADEQUATELY GUARANTEES THE CONSTITUTIONAL RIGHTS OF THE PRISONERS HOUSED UNDER ITS TERMS, A DEPARTMENT EMPLOYEE RESPONSIBLE FOR SUPERVISING HE CONTRACTOR OR MONITORING COMPLIANCE BY THE PRIVATE CONTRACTOR MAY BE HELD LIABLE FOR CONSTITUTIONAL VIOLATIONS CAUSED BY DELIBERATE INDIFFERENCE TO THE CONSTITUTIONAL RIGHTS OF THE PRISONERS HOUSED UNDER THE CONTRACT. ONCE AGAIN, RECKLESSNESS OR GROSS NEGLIGENCE, RATHER THAN DELIBERATE INDIFFERENCE, MAY BE SUFFICIENT TO IMPOSE LIABILITY.
IT IS BEYOND THE POWER OF THIS OFFICE TO FORESEE ALL OF THE POSSIBLE FACTUAL CIRCUMSTANCES WHICH MIGHT GIVE RISE TO CIVIL RIGHTS LIABILITY FOR VIOLATING THE CONSTITUTIONAL RIGHTS OF PRISONERS IN EITHER DRAFTING A CONTRACT OR SUPERVISING COMPLIANCE WITH A PRIVATE PRISON CONTRACT. THE CRUCIAL FACTOR IS SOME ACT OR OMISSION AMOUNTING TO DELIBERATE INDIFFERENCE TO PRISONER'S RIGHTS, OR POSSIBLY RECKLESSNESS OR GROSS NEGLIGENCE, WHICH CAUSES THE ALLEGED CONSTITUTIONAL DEPRIVATION.
THE ATTORNEY GENERAL RECOGNIZES THAT THE DEPARTMENT AND THE STATE'S LEADERSHIP ARE CURRENTLY EXPLORING THE DESIRABILITY OF CONTRACTING FOR PRIVATE PRISON SPACE. PLEASE FEEL FREE TO CALL ON US FOR WHATEVER LEGAL ADVICE OR ASSISTANCE WE MAY PROVIDE. WE STAND READY TO ASSIST YOU IN ANY WAY WE CAN.
(ROBERT A. NANCE)